# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BARR, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:18-cv-1004-NCC ) |
| EILEEN RAMEY, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion for reconsideration filed by petitioner Timothy Barr. The motion will be denied.

Petitioner commenced this action in this Court on June 19, 2018 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 21, 2018, the Court summarily dismissed the petition after determining that it was successive, and had not been certified by the United States Court of Appeals for the Eighth Circuit as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner now asks this Court to reconsider, and dismiss his case without prejudice. In a subsequently-filed "request for clarification," petitioner states he has been requesting permission to file a successive petition from the Eighth Circuit Court of Appeals.

Petitioner did not frame his motion under the Federal Rules of Civil Procedure, but the motion is the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) allows a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) motions "serve the limited function of correcting manifest

- 1 -

errors of law or fact or to present newly discovered evidence." *Id.* Rule 60(b) allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

Under either standard, the instant motion fails. To the extent petitioner can be understood to seek reconsideration of this Court's dismissal of his petition, the motion is meritless. Petitioner fails to point to any manifest errors of law or fact or any newly discovered evidence, and he fails to set forth any exceptional circumstances justifying relief. In his request for clarification, petitioner avers he has been seeking leave to file a successive petition from the Eighth Circuit Court of Appeals. However, examination of that Court's docket fails to reveal that petitioner has done so. Finally, petitioner is advised that this Court's June 21, 2018 dismissal of the instant petition will not preclude him from filing a successive petition that has been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. The motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration (Docket No. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 18th day of September, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE